IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL W. MOSS | : | CIVIL ACTION |
| | : | NO.   05-2250 |
| v. | : | |
| | : | |
| FREDERICK ROSEMEYER, et al. | : | |

**MEMORANDUM and ORDER**

**Juan R. Sánchez, J.**                                                                                                   **July 14, 2009**

      Russell W. Moss, serving eight to 20 years for soliciting the murder of a witness to a bank fraud scheme, asks this Court to grant his petition for habeas corpus because he believes the prosecutor broke the bargain which led to Moss's guilty plea.  At sentencing, the prosecutor, as agreed during Moss's plea, did not ask for the mandatory minimum sentence, but did ask the judge to sentence Moss to the statutory maximum on each count.  None of Moss's objections to the Report by Magistrate Judge Carol Sandra Moore Wells is sustainable; therefore, I will adopt the Recommendation and deny Moss's petition.

**FACTS**

      Early in 1983, Ellen Lewis participated in a bank fraud scheme with Moss.  When Lewis was arrested for bank fraud, she cooperated with investigators.  Moss solicited Rodney Griffin to kill Lewis.  Griffin was arrested, convicted, and sentenced to death for Lewis's murder.  Griffin approached prosecutors during his final collateral state proceeding and agreed to implicate Moss in return for a life sentence.  Moss was arrested in 2002 and charged in Lewis's death.  During plea negotiations, the Commonwealth agreed not to seek a mandatory minimum sentence of five years.[1]

---

[1] When Lewis was murdered, section 9712 provided, "[a]ny person who is convicted in any court of this Commonwealth of murder of the third degree . . . , if the person visibly possessed a firearm . .

At sentencing, the Commonwealth asked the judge to impose the statutory maximum of 30 years' imprisonment for third degree murder but did not invoke the provisions of section 9712. The judge sentenced Moss to eight to 20 years' incarceration.

Retained counsel represented Moss through his plea negotiations. After sentencing, Moss and counsel discussed his appeal rights, but counsel did not file a notice of appeal. Moss, formerly an attorney, filed his appeal *pro se*. Eight of nine of Moss's appeal issues centered on his objections to the sentence, which he viewed as exceeding the sentence for which he bargained. The final issue concerned pre-trial delay. The Superior Court affirmed Moss's judgment of sentence. *Commonwealth v. Moss*, No. 3201 EDA 2003 (Pa. Super. Ct. Feb. 14, 2005).

Moss then filed a federal habeas petition which was dismissed without prejudice to allow him to pursue a collateral appeal in state court under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. Moss demanded and received the recusal of the trial court judge from his PCRA proceedings on a claim the judge had participated in the challenged plea negotiations. After a hearing, the court denied Moss's PCRA. The Superior Court affirmed the dismissal of Moss's PCRA petition. *Commonwealth v. Moss*, No. 146 EDA 2007, mem. op. (Pa. Super. Ct. Oct. 11, 2007). In his revived petition for writ of habeas corpus, Moss raises 10 objections to the Magistrate Judge's Report and Recommendation, each of which he also raised in his PCRA petition and on appeal.

---

. during the commission of the offense, [shall] be sentenced to a minimum sentence of at least five years of total confinement. . . ." 42 Pa. C.S. § 9712(a)(1993).

**DISCUSSION**[2]

We review *de novo* the record regarding any recommendation by a magistrate judge to which a petitioner objects. 28 U.S.C. § 626. Federal habeas courts are not fora in which to relitigate state trials. *Albrecht v. Horn*, 485 F.3d 103, 122 n.6 (3d Cir. 2007). This Court may grant Moss' petition only if the adjudication on the merits by the Pennsylvania courts:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to" federal law when a state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The "unreasonable application of" federal law contemplates a state court's identification of "the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *Fountain v. Kyler*, 420 F.3d 267, 272 (3d Cir. 2005). We defer to state court adjudications without regard to whether the state court cites Supreme Court or other federal case law, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." *Priester v. Vaughn*, 382 F.3d 394, 398 (3d Cir. 2004); 28 U.S.C. § 2254(d). In addition, a state court's findings of fact are

---

[2] Moss's petition is *pro se*. As such, any supporting submissions must be construed liberally and with a measure of tolerance. *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

3

presumed correct; a petitioner must rebut this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Moss raised each of his objections previously in his PCRA petition, so this Court examines the record solely to determine whether the state courts reached a result which was contrary to or an unreasonable application of federal law.  None of Moss's issues warrant the issuance of a writ of habeas corpus.

Moss argues the Commonwealth violated his rights under federal law when it allegedly breached his plea agreement not to invoke the mandatory minimum by asking the sentencing judge for a sentence at the top of the statutory maximum.  Moss posits his sentence was contrary to *Santobello v. New York*, 404 U.S. 257, 262 (1971).  The *Santobello* Court held that if a defendant relies "in any significant degree on a promise or agreement of the prosecutor . . . , such promise must be fulfilled." *Id.* at 262.

The record shows no breach.  During the plea colloquy, the court asked the Commonwealth, "[You] are not invoking [the mandatory minimum], is that correct?"  N.T. 7/30/03, 19:8-9.  The prosecutor responded, "That is correct."  N.T. 7/30/03, 19:11.  The judge stated, "[I]f the Commonwealth does not invoke [the mandatory minimum], I do not believe the law enables me to invoke [it]."  N.T. 7/30/03, 19:19-21.  None of the sentencing factors enunciated by the court referred to the mandatory minimum.  N.T. 9/23/03, 151-54.  Thus, the Commonwealth did not violate its promise to Moss or any federal law.

Moss's fundamental objection to the length of his sentence has been properly found without merit by every court that has reviewed it.  The discretion a judge brings to sentencing implicates no federal law or right as long as the sentence imposed is less than the statutory maximum.

*Commonwealth v. Walls*, 926 A.2d 957, 966 (Pa. 2007) (holding a sentence of the statutory maximum, in excess of the state guidelines, within the court's discretion).

Moss argues when the judge sentenced him to longer than the mandatory minimum, the judge effectively rejected his plea agreement. When the trial court accepted Moss's guilty plea, the court reminded Moss, "I am not bound by any recommendations of sentence made by [the prosecutor]." N.T, 7/30/03, 13:5-6. The trial court stated, "[T]he maximum sentence you could receive if in fact I sentence you to the maximum sentences for each and ran them consecutive[ly] would be up to thirty years in prison and fines totaling $50,000. Do you understand that?" N.T. 7/30/03, 13:14-18. Moss responded, "Yes, Your Honor." *Id.* at 13:19. When Moss entered his guilty plea, he had been fairly warned the judge was bound by the plea agreement only as to the mandatory minimum provisions of § 9712 and not as to the statutory maximum sentence. Since the trial court did not reject the plea agreement, Moss's invocation of the rule of *Santobello* is misplaced.

Moss argues he received constitutionally ineffective assistance of counsel when his attorney did not object to the Commonwealth's request for the maximum sentence. To demonstrate ineffective assistance of counsel, Moss must satisfy the two-pronged test in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Moss must demonstrate counsel's deficient performance, measured against the standard of "reasonably effective assistance," as defined by "prevailing professional norms." *Bond v. Beard*, 539 F.3d 256, 285 (3d Cir. 2008) (*quoting Strickland*, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The second prong requires Moss to demonstrate prejudice to the defense based on the deficient performance. *Bond*, 539 F.3d at 285 (citing *Strickland*, 466 U.S. at 687). The second

prong requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (*quoting Strickland*, 466 U.S. at 694).

This Court's analysis begins with a "strong presumption" of the reasonableness of Moss's counsel's performance. *Strickland*, 466 U.S. at 689. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* (citation omitted). It is "only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989) (citations omitted).

Counsel is not ineffective for failing to raise a meritless issue. *Parrish v. Fulcomer*, 150 F.3d 326, 328-29 (3d Cir. 1998) (citing *Moore v. Deputy Comm'rs of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991)). Since the Commonwealth fulfilled all of its promises, Moss's objection is meritless and counsel was not ineffective for failing to raise it.

Moss also complains trial counsel's petition to withdraw was never acted on by the trial court, he was not granted an appeal *nunc pro tunc*, and the Report and Recommendation disregarded evidence which proves Moss wanted to appeal. Because Moss filed a timely appeal which was considered on its merits, Moss is unable to satisfy the requirement he show he was prejudiced by counsel's failure to file an appeal. To prove prejudice, Moss must show "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

Moss also complains the prosecution failed to provide him with *Brady*[3] material. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *United States v. Fulford*, 825 F.2d 3, 10 (3d Cir. 1987) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

For the reasons above, Moss's petition for writ of habeas corpus is DISMISSED. An appropriate order follows.

---

[3] *See Brady v. Maryland*, 373 U.S. 83 (1963) (holding the prosecution must turn over to the defense any exculpatory material).